## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WISCONSIN

InRe: Eric s. Schaefer                    CASE NO: 13-26768-gmh
       Debtor(s).

### NOTICE OF MOTION FOR RELIEF
### FROM THE AUTOMATIC STAY

US Bank Trust National Association, as Trustee of the PRP II Pals Investments Trust its successors, servicing agents, and/or assigns (herein referred to as Movant), by and through its attorneys, Marinosci Law Group., has filed papers to request that the Court grant it relief from the stay imposed by Sec. 362(a) of the Bankruptcy Code.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to grant the relief sought by the Movant in this Motion, or if you want the Court to consider your views on this Motion, then, <u>within fourteen (14) days of the date of this Notice</u>, you or your attorney must file a written objection with the Court and request a hearing. Your objection must be sent to:

Bankruptcy Clerk of Court
US Courthouse
517 East Wisconsin Ave.
**Milwaukee, WI 53202**

If you mail your objection and request for hearing to the Court for filing, you must mail it early enough so that the Court will receive it within fourteen (14) days of the date of this Notice.

If you mail your objection and request for hearing to the Court for filing, you must mail it early enough so that the Court will receive it within fourteen (14) days of the date of this Notice.

Marinosci Law Group      134 N LaSalle St., Ste 1900
Chicago, IL 60602 312-940-8580     ILWIBK@mlgdefaultlaw.com
Case 13-26768-gmh    Doc 45    Filed 08/22/18    Page 1 of 31

If you mail your objection and request for hearing to the Court for filing, you must mail it early enough so that the Court will receive it within fourteen (14) days of the date of this Notice.

You must also mail a copy of your objection and request for hearing to Movant's Attorney:

Marinosci Law Group
134 N LaSalle St., Ste 1900.
Chicago, IL 60602

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting the relief as requested.

Dated this  22nd   day of August, 2018

Marinosci Law Group

 /s/Timothy Johnson
By: Timothy Johnson
Attorney for Creditor

Prepared By:
Timothy Johnson
Marinosci Law Group
134 N LaSalle St., Ste 1900
Chicago, IL 60602
312-940-8580
ILWIBK@mlg-defaultlaw.com

Marinosci Law Group. is the creditor's attorney and is attempting to collect a debt on its client's behalf, and any information obtained will be used for that purpose.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In Re: Eric S. Schaefer
      Debtor(s).

CASE NO: 13-26768-gmh

MOTION FOR RELIEF FROM THE AUTOMATIC STAY

US Bank Trust National Association, as Trustee of the PRP II Pals Investments Trust, its successors, servicing agents, and/or assigns (herein referred to as Movant) moves the court pursuant to Sec. 362(d) of the Bankruptcy Code for an order granting it relief from the stay imposed by Sec. 362(a) of the Bankruptcy Code and alleges as follows:

1. Eric S. Schaefer ("Debtor") filed a petition under Chapter 13 on 05/15/2013.

2. On September 10, 2009, Eric S. Schaefer executed a promissory Note evidencing a mortgage loan. The promissory Note is secured by a perfected Mortgage on the real property owned by the Debtor located at 812 Appleton Street, Menasha, WI 54952, a copy of said secured Mortgage is attached hereto and incorporated herein by reference and/or documents revealing the current mortgagee of record.

3. That monthly Mortgage payments have not been received on the above referenced mortgage loan as required by the terms of the Debtor's proposed Plan in this case thereby constituting just cause for terminating the automatic stay that has been imposed.

Marinosci Law Group      134 N LaSalle St., Ste 1900
Chicago, IL 60602 312-940-8580   ILWIBK@mlgdefaultlaw.com

4. The Debtor's mortgage loan is currently in default and is reflecting pre-petition and post-petition arrears as follows:

| | |
|---|---|
| 1 Payment 3/1/2018 @ 646.55 | $ 646.55 |
| 4 Payments 4/1/2018-7/1/2018 @ $653.50 | $2,614.00 |
| Late Charges | $ 372.03 |
| Total Due | $3,632.58 |

5. An Affidavit in support of this Motion for Relief from the Automatic Stay is attached hereto in accordance with Local Rule 4001.1.

6. The assessed value of the property is $66,900.00 according to information provided on behalf of the Treasurer, and the Debtor(s)'s Payoff on said mortgage loan good through 07/13/2018 is estimated to be $69,121.53.

7. The real estate property tax balance showing due on the subject property at this time is $0.00.

8. If the Movant is not granted the relief described herein then it will suffer injuries, losses and/or damages as it does not have adequate protection from the Debtor with regard to its secured interest in the subject property.

9. Should the Movant be granted the relief requested in this Motion, any Order granting the requested relief shall take effect immediately thereby waiving the 14 day stay as described by Bankruptcy Rule 4001 (a)(3).

WHEREFORE, Movant requests:

1. Pursuant to Sec. 362(d)(l) of the Bankruptcy Code, an Order for Relief from the automatic stay as it pertains to the Debtor and the subject property of the estate based on just cause being shown thereby allowing Movant to exercise and enforce its rights pursuant to said Note and Mortgage.

2. That the Movant's legal fees and costs associated with this Motion be approved.

3. That any Order entered pursuant to this Motion shall take effect immediately upon its entry thereby waiving the 14 day stay as described by Bankruptcy Rule 4001 (a)(3).

4. Any further relief that the Court may deem just and equitable.


Dated this __22nd__ day of ___August_____, 2018


Marinosci Law Group

_/s/Timothy Johnson_____

By: Timothy Johnson
Attorney for Creditor


Prepared By:
Timothy Johnson
Marinosci Law Group
134 N LaSalle St., Ste 1900
Chicago, IL 60602
312-940-8580
ILWIBK@mlg-defaultlaw.com


Marinosci Law Group. is the creditor's attorney and is attempting to collect a debt on its client's behalf, and any information obtained will be used for that purpose.


Marinosci Law Group        134 N LaSalle St., Ste 1900
Chicago, IL 60602 312-940-8580   ILWIBK@mlgdefaultlaw.com

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WISCONSIN

In Re:

Eric S. Schaefer
  Debtor(s).

CASE NO:  13-26768-gmh

**AFFIDAVIT OF SERVICE**

STATE OF WISCONSIN )
WAUKESHA COUNTY )

Affiant, being first duly sworn on oath, deposes and states that a copy of the Notice of Motion and Motion for Relief from Stay in the above entitled action was served on August 22, 2018 by Electronic Case Filing to the following persons at the following addresses:

Michael P. Schoenbohm: cmh@schoenbohmlaw.com

Rebecca R. Garcia: filings@ch13oshkosh.com

Office of the U.S. Trustee – Eastern: ustpregion11.mi.ecf@usdoj.gov

Affiant, being first duly sworn on oath, deposes and states that a copy of the Notice of Motion and Motion for Relief from Stay in the above entitled action was served on August 22, 2018 by first class mail, postage prepaid, to the following persons at the following addresses:

Eric S. Schaefer
812 Appleton St.
Menasha, WI 54952

/s/ _Paul Eguez_

By: _Paul Eguez_

Title: _Docket Paralegal_

Subscribed and sworn to before me this
22ND day of _August_ , 2018

Notary Public, State of _ILLINOIS_
My Commission expires _06|08|19_

OFFICIAL SEAL
ERIKA VALLE
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:06/08/19

UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

IN RE:        Chapter: 13
Eric S. Schaefer

           Case No.: 13-26768-gmh

    Debtor(s).

## AFFIDAVIT IN SUPPORT OF MOVANT'S MOTION FOR RELIEF FROM AUTOMATIC STAY

STATE OF _California_ )
         )ss
COUNTY OF _Humboldt_ )

I, _Michael J. Egan_, being of lawful age and being first duly sworn on oath, states and deposes as follows:

1. I am employed as a(n) _Bankruptcy Asset Manager_ by SN Servicing ("Servicer"), the servicer for the loan at issue in this proceeding ("Loan"). The Servicer is providing mortgage loan services to US Bank Trust National Association, as Trustee of the PRP II Pals Investments Trust ("Movant"), and is authorized to act on its behalf. I am over the age of eighteen years, and I am authorized to make this Affidavit on behalf of the Servicer. If sworn as a witness, I can competently testify to the matters stated herein. The statements set forth in this Affidavit are true and correct, to the best of my knowledge and belief.

2. In the regular performance of my job functions, I have access to and am familiar with business records maintained by the Servicer for the purpose of servicing mortgage loans. I have personal knowledge of the manner in which these business records are created. These records (which include data compilations, electronically imaged documents, and others) are: (a) made at or near the time of the occurrence of the matters set forth by, or

from information provided by, persons with knowledge of the activity and transactions reflected in such records; and (b) kept as a regular practice and in the ordinary course of business conducted by the Servicer. It is the regular practice of the Servicer to make such records. To the extent records come from another entity, those records were received by Servicer in the ordinary course of its business, have been incorporated into and is maintained as part of Servicer's business records, and have been relied on by Servicer. Servicer maintains quality control and verification procedures as part of the boarding process to ensure the accuracy of the incorporated records. In connection with making this Affidavit, I reviewed and relied on those business records concerning the Loan.

3.  As of July ____ 2018 Movant, or Servicer as its agent, was and remains in possession of a promissory note and/or loan agreement ("Note") for the loan at issue, hereinafter "Loan," bearing the date of SEPTEMBER 10, 2009, in which debtor Eric S. Schaeferhereinafter "Debtor," promised to pay the sum of $75,998.00. Movant is entitled to enforce the Note and has authorized Servicer to act on its behalf.

4.  The Note is secured by a mortgage (hereinafter "Security Instrument") dated September 10, 2009 on property of Debtor Eric S. Schaefer located at 812 Appleton Street, Menasha, WI 54952 ("Real Estate"). The Security Instrument was duly recorded on October 26, 2009, as Instrument Number 1522485 in the Office of the County Clerk of Winnebago County, Wisconsin. A true and correct copy of said Security Instruments are attached hereto as Exhibit "A & B."

5.  An assignment dated July 14, 2015 transferring the Security Instrument to Movant was duly recorded on August 20, 2015, as Instrument Number 1695259, in the Office of the

County Clerk of Winnebago County, WI ("Assignment"). A true and correct copy of said Assignment is attached hereto as Exhibit "C".

6. As of July 16, 2018 there is a total indebtedness due on the Note and Security Instrument in the amount of $69,121.53.

7. The estimated fair market value of the Real Estate is $66,900.00. The basis of such valuation is the Winnebago County's Tax Assessor.

8. Accordingly, based on the aforementioned, Debtor(s) has/have no equity in the Real Estate.

9. Based on my review of the books and records, the Debtor is in default for failure to make pre-petition payments in the amount of $646.55 [pre-petition arrearage, including escrow shortage, as applicable] for March 01, 2018 and in the amount of $653.50 from April 01, 2018 to May 01, 2018.

10. Based on my review of the books and records, the Debtor is in default for failure to make timely post-petition payments in the amount of $653.50 [post-petition arrearage, including escrow shortage, as applicable] from June 01, 2018 to July 01, 2018.

11. The total amount of pre-petition arrears is $1,953.55.

12. The post-petition payment amount is $1,307.00.

13. That attached hereto and incorporated herein by reference is a summary of the post-petition mortgage payment history since the post-petition mortgage payments were last current.

14. Fees and/or charges incurred in connection to the pre-petition and post-petition amounts since the filing of Debtor's petition are as follows: Late Fees in the amount of $372.03.

15. As of the filing of this Motion for Relief, the total amount of Movant's claim is $69,121.53 and the total amount required for the Debtor to cure the default or contractual default is $3,632.58.

16. That this affidavit is made in support of the Movant's motion for relief from the automatic stay.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

By: _____
Signature of Affiant
Michael J Egan
Printed Name of Affiant

On behalf of SN Servicing

Its: Bankruptcy Asset Manager
Affiant's Title

STATE OF _____ )
                                     ) ss.
COUNTY OF _____ )

Sworn to (or affirmed) and subscribed before me this ____ day of _____ 20 ___, by _____ (Name of Affiant), personally known to me to be the person who executed this Affidavit on behalf of the entity therein named.

_____
(Signature of Notary Public)

WITNESS my hand and official seal

SEAL OR STAMP

_____
(Print, type or stamp commission name of Notary Public)

My Commission Expires:

_____

*Please see the attached California notarial certificate. Thank you.*

# CALIFORNIA JURAT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California )

County of _Humboldt_ )

Subscribed and sworn to (or affirmed) before me on this ___7___ day

of _August_ , 20 _18_ , by _Michael J. Egan_

_____ ,

proved to me on the basis of satisfactory evidence to be the person(s)
who appeared before me.

Michelle Norton
Comm. #2224400
Notary Public California
Humboldt County
Comm. Expires Jan. 3, 2022

(Seal)

Signature _M Norton_
COMM. EXP. JAN. 03, 2022

## Optional Information

Although the information in this section is not required by law, it could prevent fraudulent removal and reattachment of this jurat to an unauthorized document and may prove useful to persons relying on the attached document.

### Description of Attached Document

This certificate is attached to a document titled/for the purpose of

_Affidavit in Support of Movant's Motion for Relief from Automatic Stay_

containing _4_ pages, and dated _8-7-18_

**Additional Information**

Method of Affiant Identification

Proved to me on the basis of satisfactory evidence:
☒ form(s) of identification   ○ credible witness(es)

Notarial event is detailed in notary journal on:
Page # _33_  Entry # _8_

Notary contact: _707-476-2690_

Other
☒ Affiant(s) Thumbprint(s)   ☐ Describe: _____

© Copyright 2007-2017 Notary Rotary, PO Box 41400, Des Moines, IA 50311-0507. All Rights Reserved.   Item Number 101884.  Please contact your Authorized Reseller to purchase copies of this form.

Eric S. Schaefer
Case # 13-26768-gmh
812 Appleton Street, Menasha, WI 54952

Based on the regularly-maintained records of the mortgage servicer, the following is a summary of the debtor's payment history since post-petition mortgage payments were last current:

| | Date Payment Due | Amount Due | Date Payment Received | Amount Received | Post-Petition Month Applied As | Suspense Balance |
|---|---|---|---|---|---|---|
| 1 | 06/01/2018 | $653.50 | - | $0.00 | - | - |
| 2 | 07/01/2018 | $653.50 | - | $0.00 | - | - |
| 3 | | | | | | |
| 4 | | | | | | |
| 5 | | | | | | |
| 6 | | | | | | |
| 7 | | | | | | |
| 8 | | | | | | |
| 9 | | | | | | |
| 10 | | | | | | |
| 11 | | | | | | |
| 12 | | | | | | |
| 13 | | | | | | |
| 14 | | | | | | |
| 15 | | | | | | |
| 16 | | | | | | |
| 17 | | | | | | |
| 18 | | | | | | |
| 19 | | | | | | |
| 20 | | | | | | |
| 21 | | | | | | |
| 22 | | | | | | |
| 23 | | | | | | |
| 24 | | | | | | |
| 25 | | | | | | |





Wisconsin

# NOTE

MIN
MERS TELEPHONE: (888) 679-6377

Loan No.:
FHA Case No.

**September 10, 2009**
[Date]

**812 Appleton Street, Menasha, WISCONSIN 54952**
[Property Address]

1. **PARTIES**
   "Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means **GSF Mortgage Corporation** and its successors and assigns.

2. **BORROWER'S PROMISE TO PAY; INTEREST**
   In return for a loan received from Lender, Borrower promises to pay the principal sum of **Seventy Five Thousand Nine Hundred Ninety Eight And 00/100 Dollars** (U.S. **$75,998.00**), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of **Six percent (6.000%)** per year until the full amount of principal has been paid.
   Solely for the purpose of computing interest, a monthly payment received by the Note Holder within 30 days prior to or after the date it is due will be deemed to be paid on such due date.

3. **PROMISE TO PAY SECURED**
   Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

4. **MANNER OF PAYMENT**
   **(A) Time**
   Borrower shall make a payment of principal and interest to Lender on the **FIRST** day of each month beginning on **November 1, 2009.** Any principal and interest remaining on the **1st** day of **October, 2039**, will be due on that date, which is called the "Maturity Date."
   **(B) Place**
   Payment shall be made at **15430 W Capitol Drive, Suite 100, Brookfield, WISCONSIN 53005** or at such place as Lender may designate in writing by notice to Borrower.
   **(C) Amount**
   Each monthly payment of principal and interest will be in the amount of U.S. **$455.65**. This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.
   **(D) Allonge to this Note for payment adjustments**
   If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. [Check applicable box]

   [ ] Graduated Payment Allonge        [ ] Growing Equity Allonge        [ ] Other [specify]

5. **BORROWER'S RIGHT TO PREPAY**
   Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

6. **BORROWER'S FAILURE TO PAY**
   **(A) Late Charge for Overdue Payments**
   If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen (15) calendar days after the payment is due, Lender may collect a late charge in the amount of four percent (4.00%) of the overdue amount of each payment.
   **(B) Default**
   If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued

FHA Wisconsin Fixed Rate Note - 10/95

Page 1 of 3

Initials: _ES_

wifhafnt



interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

    **(C) Payment of Costs and Expenses**

    If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

**7.**    **WAIVERS**

    Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

**8.**    **GIVING OF NOTICES**

    Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

    Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

**9.**    **OBLIGATIONS OF PERSONS UNDER THIS NOTE**

    If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

Case 13-26768-gmh    Doc 45    Filed 08/22/18    Page 14 of 31

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_Eric S. Schaefer_ _____ (Seal)

Eric S. Schaefer                                   -Borrower

Social Security No.: ▮▮▮▮▮▮▮▮

PAY TO THE ORDER OF

WITHOUT RECOURSE
BANK OF AMERICA, N.A.

BY _Michele Sjolander_

MICHELE SJOLANDER
SENIOR VICE PRESIDENT

FHA Wisconsin Fixed Rate Note - 10/95

Page 3 of 3

Pay to the order of Bank of America, N.A.
Without Recourse GSF Mortgage Corporation

James Guzanick, C.E.O.
GSF Mortgage Corporation

Schaefer

9/10/09

1522485

Boa

**REGISTER'S OFFICE**
**WINNEBAGO COUNTY, WI**
**RECORDED ON**

DOCUMENT NUMBER

10/26/2009      12:55PM

JULIE PAGEL
REGISTER OF DEEDS

NAME & RETURN ADDRESS
GSF Mortgage Corporation
15430 W Capitol Drive, Suite 100
Brookfield, WISCONSIN 53005
Attn.: **SHIPPING DEPT./DOC. CONTROL**

**RECORDING FEE**     29.00
**TRANSFER FEE**

**# OF PAGES**     10

PARCEL IDENTIFIER NUMBER
701-0728

———————————— [Space Above This Line For Recording Data] ————————————

**State of Wisconsin**

FHA Case No.

MIN:
**MERS TELEPHONE: (888) 679-6377**

THIS MORTGAGE ("Security Instrument") is given on **September 10, 2009**. The Mortgagor is **Eric S. Schaefer an unmarried man** ("Borrower"). This Security Instrument is given to Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns), as mortgagee. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS. **GSF Mortgage Corporation,** ("Lender") is organized and existing under the laws of **Delaware**, and has an address of **15430 W Capitol Drive, Suite 100, Brookfield, WISCONSIN 53005**. Borrower owes Lender the principal sum of **Seventy Five Thousand Nine Hundred Ninety Eight And 00/100** Dollars (U.S. **$75,998.00**). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on **October 1, 2039**. This Security Instrument secures to Lender:  (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note.  For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with power of sale, the following described property located in **WINNEBAGO** County, Wisconsin:

Case 13-26768-gmh    Doc 45    Filed 08/22/18    Page 17 of 31

O-10

**SEE LEGAL DESCRIPTION ATTACHED HERETO AND BY THIS REFERENCE MADE A PART HEREOF**

which has the address of **812 Appleton Street** [Street] **Menasha** [City], **Wisconsin** **54952** [Zip Code] ("Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property. Borrower and Lender covenant and agree as follows:

UNIFORM COVENANTS.

1. **Payment of Principal, Interest and Late Charge.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

2. **Monthly Payment of Taxes, Insurance and Other Charges.** Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. Section 2601 *et seq.* and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by

Case 13-26768-gmh    Doc 45    Filed 08/22/18    Page 18 of 31

Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

**3. Application of Payments.** All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

First, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

Second, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

Third, to interest due under the Note;

Fourth, to amortization of the principal of the Note; and

Fifth, to late charges due under the Note.

**4. Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

**5. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

**6. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

**7. Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement, at the Note rate, and at the option of Lender, shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

**8. Fees.** Lender may collect fees and charges authorized by the Secretary.

**9. Grounds for Acceleration of Debt.**

    **(a) Default.** Lender may, except as limited by regulations issued by the Secretary, in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

        (i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

        (ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

    **(b) Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including Section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

        (i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

        (ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property but his or her credit has not been approved in accordance with the requirements of the Secretary.

    **(c) No Waiver.** If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

    **(d) Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and

foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

**(e) Mortgage Not Insured.** Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within 60 days from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 60 days from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

**10. Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

**11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**14. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**15. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**16. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall

Case 13-26768-gmh    Doc 45    Filed 08/22/18    Page 21 of 31

not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

**18. Foreclosure Procedure. If Lender requires immediate payment in full under paragraph 9, Lender may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

**If Lender invokes the power of sale, Lender shall give notice of sale in the manner prescribed by applicable law to Borrower and to the other persons prescribed by applicable law. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by applicable law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the clerk of the circuit court of the county in which the sale is held.**

**If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 _et seq._) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph 18 or applicable law.**

**19. Release.** Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs.

**20. Accelerated Redemption Periods.** If (a) the Property is 20 acres or less in size, (b) Lender in an action to foreclose this Security Instrument waives all right to a judgment for deficiency and (c) Lender consents to

Borrower's remaining in possession of the Property, then the sale of the Property may be 6 months from the date the judgment is entered if the Property is owner-occupied at the time of the commencement of the foreclosure action. If conditions (b) and (c) above are met and the Property is not owner-occupied at the time of the commencement of the foreclosure action, then the sale of the Property may be 3 months from the date the judgment is entered. In any event, if the Property has been abandoned, then the sale of the Property may be 2 months from the date the judgment is entered.

**21. Attorneys' Fees.** If this Security Instrument is subject to Chapter 428 of the Wisconsin Statutes, "reasonable attorneys' fees" shall mean only those attorneys' fees allowed by that Chapter.

**22. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)].

[ ] Condominium Rider             [ ] Growing Equity Rider        [ ] Other [specify]
[ ] Planned Unit Development Rider  [ ] Graduated Payment Rider

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Witnesses:

_____          *Eric S. Schaefer* _____ (Seal)
                                          Eric S. Schaefer                    -Borrower

STATE OF WISCONSIN, *Outagamie* County ss:

The foregoing instrument was acknowledged before me this September 10, 2009
by Eric S. Schaefer.

My Commission Expires:
3/7/2010

_____
Notary Public, State of Wisconsin        Elizabeth A Johnson

This instrument was prepared by:
**JON DONOVAN**



FHA  Wisconsin Mortgage with MERS  -  4/96
4N(WI)  (0305).02          Amended  2/01          Page 9 of 9          Initials: _ES_

## LEGAL DESCRIPTION

The East 141 feet of the North Half (N 1/2) of Lot Seven (7), Block One (1), according to the recorded Plat of Round's Addition to Menasha, in the First Ward, City of Menasha, Winnebago County, Wisconsin.

*E S*

# ASSIGNMENT

Document Number

REGISTER'S OFFICE
WINNEBAGO COUNTY, WI
RECORDED ON
08/20/2015 10:18 AM

JULIE PAGEL
REGISTER OF DEEDS

RECORDING FEE 30.00
PAGES: 1

Return To:
**Document Recording Services**
PO Box 3008
Tallahassee, FL 32315
Loan # _____
RC # _____

Parcel ID No. 701-00728-00

Record 1st

THIS IS A STYLE "B" FORM UNDER WIS ACT 110 WITH 3X3 SPACE IN UPPER RIGHT CORNER
Winnebago, Wisconsin
SELLER'S SERVICING_____SCHAEFER"
Date of Assignment: July 14th, 2015
Assignor: BAYVIEW LOAN SERVICING, LLC, A DELAWARE LIMITED LIABILITY COMPANY at 4425 PONCE DE LEON BLVD, SUITE # 400, CORAL GABLES, FL 33146
Assignee: BAYVIEW DISPOSITIONS IVB, LLC at 4425 PONCE DE LEON BLVD, 5TH FLOOR, CORAL GABLES, FL 33146

Executed By: ERIC S. SCHAEFER, AN UNMARRIED MAN To: GSF MORTGAGE CORP.
Date of Mortgage: 09/10/2009 Recorded: 10/26/2009 in Book/Reel/Liber: N/A Page/Folio: N/A as Instrument No.: 1522485 In the County of Winnebago, State of Wisconsin.

Parcel ID No. 701-00728-00

Property Address: 812 APPLETON STREET, MENASHA, WI 54952

Legal: THE EAST 141 FEET OF THE NORTH HALF (N 1/2) OF LOT SEVEN (7), BLOCK ONE (1), ACCORDING TO THE RECORDED PLAT OF ROUND'S ADDITION TO MENASHA, IN THE FIRST WARD, CITY OF MENASHA, WINNEBAGO COUNTY, WISCONSIN.

KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said Mortgage having an original principal sum of $75,998.00 with interest, secured thereby, and the full benefit of all the powers and of all the covenants and provisos therein contained, and the said Assignor hereby grants and conveys unto the said Assignee, the Assignor's interest under the Mortgage.

TO HAVE AND TO HOLD the said Mortgage, and the said property unto the said Assignee forever, subject to the terms contained in said Mortgage.

BAYVIEW LOAN SERVICING, LLC, A DELAWARE LIMITED LIABILITY COMPANY
On _____

By: _____
ROBERT G. HALL, Vice-President

STATE OF Florida
COUNTY OF Miami-Dade

The foregoing instrument was acknowledged and sworn to and subscribed before me this _____ by ROBERT G. HALL , Vice-President, on behalf of the corporation.

PERSONALLY KNOWN _____ OR PRODUCED INDENTIFICATION _____TYPE OF IDENTIFICATION PRODUCED _____

WITNESS my hand and official seal,

_____
ROGELIO A. PORTAL
Notary Expires: 08/25/2016  #EE 197169

ROGELIO A. PORTAL
MY COMMISSION # EE 197169
EXPIRES: August 25, 2016
Bonded Thru Notary Public Underwriters

(This area for notarial seal)

Prepared By: Melba Sanchez, BAYVIEW LOAN SERVICING, LLC. 4425 PONCE DE LEON BLVD., 5TH FLOOR, CORAL GABLES, FL 33146

# ASSIGNMENT

Document Number

1695259

**REGISTER'S OFFICE
WINNEBAGO COUNTY, WI
RECORDED ON
08/20/2015 10:18 AM**

**JULIE PAGEL
REGISTER OF DEEDS**

**RECORDING FEE 30.00
PAGES: 1**

Return To:
Document Recording Services
PO Box 3008
Tallahassee, FL 32315                    ITS TRUST
Loan # _____
RC # _____

Parcel ID No. 701-00728-00

RECORD 2nd

THIS IS A STYLE "B" FORM UNDER WIS ACT 110 WITH 3X3 SPACE IN UPPER RIGHT CORNER
Winnebago, Wisconsin
SELLER'S SERVICING_____SCHAEFER"
Date of Assignment: July 14th, 2015
Assignor: BAYVIEW DISPOSITIONS IVB, LLC at 4425 PONCE DE LEON BLVD, 5TH FLOOR, CORAL GABLES, FL 33146
Assignee: U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE PRP II PALS INVESTMENTS TRUST at 7144 E. STETSON DRIVE, SUITE 140, SCOTTSDALE, AZ 85251

Executed By: ERIC S. SCHAEFER, AN UNMARRIED MAN  To: GSF MORTGAGE CORP.
Date of Mortgage: 09/10/2009 Recorded: 10/26/2009 in Book/Reel/Liber: N/A Page/Folio: N/A as Instrument No.: 1522485  In the County of Winnebago, State of Wisconsin.

Parcel ID No. 701-00728-00

Property Address: 812 APPLETON STREET, MENASHA, WI 54952

Legal:  THE EAST 141 FEET OF THE NORTH HALF (N 1/2) OF LOT SEVEN (7), BLOCK ONE (1), ACCORDING TO THE RECORDED PLAT OF ROUND'S ADDITION TO MENASHA, IN THE FIRST WARD, CITY OF MENASHA, WINNEBAGO COUNTY, WISCONSIN.

   KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said Mortgage having an original principal sum of $75,998.00 with interest, secured thereby, and the full benefit of all the powers and of all the covenants and provisos therein contained, and the said Assignor hereby grants and conveys unto the said Assignee, the Assignor's interest under the Mortgage.

   TO HAVE AND TO HOLD the said Mortgage, and the said property unto the said Assignee forever, subject to the terms contained in said Mortgage.

   BAYVIEW DISPOSITIONS IVB, LLC
On   7/14/15

By_____
ROBERT G. HALL, Vice-President

STATE OF Florida
COUNTY OF Miami-Dade

The foregoing instrument was acknowledged and sworn to and subscribed before me this   7/14/15   by ROBERT G. HALL , Vice-President, on behalf of the corporation.

PERSONALLY KNOWN _____ OR PRODUCED INDENTIFICATION _____TYPE OF IDENTIFICATION PRODUCED _____

WITNESS my hand and official seal,

_____
ROGELIO A. PORTAL
Notary Expires: 08/25/2016  #EE 197169

ROGELIO A. PORTAL
MY COMMISSION # EE 197169
EXPIRES: August 25, 2016
Bonded Thru Notary Public Underwriters

(This area for notarial seal)

Prepared By:  Melba Sanchez,  BAYVIEW LOAN SERVICING, LLC. 4425 PONCE DE LEON BLVD., 5TH FLOOR, CORAL GABLES, FL  33146

## ASSIGNMENT OF MORTGAGE

**1685382**

Recording Requested By:
**Bank of America, N.A.**
Prepared By: Anne-Marie Calderon
800-444-4302

When recorded mail to:
Bayview Loan Servicing, LLC
Attn: Ramona Careaga
4425 Ponce De Leon Blvd, 5th Floor
Coral Gables, FL 33146

Tax ID:      701-00728-00
Property Address:
**812 Appleton Street**
**Menasha, WI 54952-2336**

BIY11114A

**REGISTER'S OFFICE**
**WINNEBAGO COUNTY, WI**
**RECORDED ON**
**04/17/2015  3:08 PM**

**JULIE PAGEL**
**REGISTER OF DEEDS**

**RECORDING FEE 30.00**
**PAGES: 1**

This space for Recorder's use

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is **451 7TH STREET, S.W., WASHINGTON, DC 20410** does hereby grant, sell, assign, transfer and convey unto **BAYVIEW LOAN SERVICING, LLC** whose address is **4425 PONCE DE LEON BLVD, 5TH FLOOR, CORAL GABLES, FL 33146** all beneficial interest under that certain Mortgage described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Mortgage.

| | |
|---|---|
| Beneficiary: | **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR GSF MORTGAGE CORPORATION, ITS SUCCESSORS AND ASSIGNS** |
| Mortgagor(s): | **ERIC S. SCHAEFER AN UNMARRIED MAN** |
| Date of Mortgage: | 9/10/2009 |
| Original Loan Amount: | $75,998.00 |

Recorded in Winnebago County, WI on: 10/26/2009, book N/A, page N/A and instrument number 1S22485

Property Legal Description:
**THE EAST 141 FEET OF THE NORTH HALF (N 1/2) OF LOT SEVEN (7), BLOCK ONE (1), ACCORDING TO THE RECORDED PLAT OF ROUND'S ADDITION TO MENASHA, IN THE FIRST WARD, CITY OF MENASHA, WINNEBAGO COUNTY, WISCONSIN.**

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Mortgage to be executed on
**12/5/14**

\*Power of Attorney recorded in Miami-Dade
County, Florida as CFN: 2015R0039327, Book
29471, Page 3263-3278

SECRETARY OF HOUSING AND URBAN
DEVELOPMENT BY BAYVIEW ACQUISITIONS,
LLC, IT'S ATTORNEY IN FACT \*

By: _____
       Patrick Joyce
       Assistant Vice President

Witness: _____
              Yeslyn Gomez

State of ____**Florida**____
County of ____**Miami-Dade**____

On **12/5/14** _____ before me, ____**Orlee Tamir Bushman**____, a Notary Public, personally appeared ____**Patrick Joyce**____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Notary Public: ____**Orlee Tamir Bushman**____   (Seal)
My Commission Expires: ____**11/9/18**____



**Orlee Tamir Bushman**
COMMISSION # FF172498
EXPIRES: November 9, 2018
WWW.AARONNOTARY.COM

261251

## ASSIGNMENT OF MORTGAGE

Recording Requested By:
Bank of America, N.A.
Prepared By: Diana De Avila
800-444-4302
When recorded mail to:
Bayview Loan Servicing, LLC
Attn: Ramona Carcaga
4425 Ponce De Leon Blvd, 5th Floor
Coral Gables, FL 33146

Tax ID: 701-00728-00
Property Address:
812 Appleton Street
Menasha, WI 54952-2336
11/19/2014  HBYJ114

**1684287**

REGISTER'S OFFICE
WINNEBAGO COUNTY, WI
RECORDED ON
04/06/2015  8:23 AM

JULIE PAGEL
REGISTER OF DEEDS

RECORDING FEE 30.00
PAGES: 1

This space for Recorder's use

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is 1800 TAPO CANYON ROAD, SIMI VALLEY, CA 93063 does hereby grant, sell, assign, transfer and convey unto SECRETARY OF HOUSING AND URBAN DEVELOPMENT whose address is 451 7TH STREET, S.W., WASHINGTON, DC 20410 all beneficial interest under that certain Mortgage described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Mortgage.

Beneficiary:          MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS
                      NOMINEE FOR GSF MORTGAGE CORPORATION, ITS SUCCESSORS
                      AND ASSIGNS
Mortgagor(s):         ERIC S. SCHAEFER AN UNMARRIED MAN
Date of Mortgage:     9/10/2009
Original Loan Amount: $75,998.00
Recorded in Winnebago County, WI on: 10/26/2009, book N/A, page N/A and instrument number 1522485

Property Legal Description:
THE EAST 141 FEET OF THE NORTH HALF (N 1/2) OF LOT SEVEN (7), BLOCK ONE (1), ACCORDING TO THE RECORDED PLAT OF ROUND'S ADDITION TO MENASHA, IN THE FIRST WARD, CITY OF MENASHA, WINNEBAGO COUNTY, WISCONSIN.

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Mortgage to be executed on
NOV 2 0 2014

                                    BANK OF AMERICA, N.A., SUCCESSOR BY
                                    MERGER TO BAC HOME LOANS SERVICING, LP,
                                    FKA COUNTRYWIDE HOME LOANS SERVICING
                                    LP

Witness: Yong Ly          By: _____
                               Ralph Flores
                               Assistant Vice President

State of California
County of Ventura

On NOV 2 0 2014 before me, Takayuki E. Uto , Notary Public, personally appeared Ralph Flores , who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Notary Public: Takayuki E. Uto
My Commission Expires: 05/24/2017          (Seal)

TAKAYUKI E. UTO
Commission # 2026020
Notary Public - California
Los Angeles County
My Comm. Expires May 24, 2017

## ASSIGNMENT OF MORTGAGE

Recording Requested By:
Bank of America
Prepared By: Diana De Avila
888-603-9011
When recorded mail to:
CoreLogic
450 E. Boundary St.
Attn: Release Dept.
Chapin, SC 29036

Tax ID:        701-0728
Property Address:
812 Appleton St
Menasha, WI 64952-2336

2/18/2012

This space for Recorder's use

**REGISTER'S OFFICE
WINNEBAGO COUNTY, WI
RECORDED ON**

**03/02/2012 08:20 AM**

**JULIE PAGEL
REGISTER OF DEEDS**

**RECORDING FEE 30.00**

MERS Phone #: 888-679-6377

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is 1901 E Voorhees Street, Suite C, Danville, IL 61834 does hereby grant, sell, assign, transfer and convey unto BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP whose address is 451 7TH ST SW #B-133, WASHINGTON DC 20410 all beneficial interest under that certain Mortgage described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Mortgage.

Original Lender:        GSF MORTGAGE CORPORATION
Mortgagor(s):           ERIC S. SCHAEFER AN UNMARRIED MAN
Date of Mortgage:       9/10/2009
Original Loan Amount:   $75,998.00
Recorded in Winnebago County, WI on: 10/26/2009, book N/A, page N/A and instrument number 1522485

Property Legal Description:
THE EAST 141 FEET OF THE NORTH HALF (N 1/2) OF LOT SEVEN (7), BLOCK ONE (1), ACCORDING TO THE RECORDED PLAT OF ROUND'S ADDITION TO MENASHA, IN THE FIRST WARD, CITY OF MENASHA, WINNEBAGO COUNTY, WISCONSIN.

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Mortgage to be executed on
2-29-2012

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.

Witness:    Maria Medina Rodriguez

By: _____
     Marina Munoz Vice President

State of California
County of Ventura

On FEB 29 2012 before me, VAZRIK SARAFIANS • NOTARY PUBLIC •, Notary Public, personally appeared Martha Munoz, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Notary Public: VAZRIK SARAFIANS
My Commission Expires: NOV 06 2013        (Seal)

VAZRIK SARAFIANS
Commission # 1867732
Notary Public - California
Los Angeles County
My Comm. Expires Nov 6, 2013